**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DANNY M. BOUZIDEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1966-G** |
| | ) | |
| **KELLIE DAVIS, et al.,** | ) | |
| | ) | |
| **Respondent(s).** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Danny M. Bouziden ("Petitioner"), a state prisoner proceeding *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. 1), and supplemental arguments in support, (Docs. 9, 12, 13).[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). For the reasons set forth below, the undersigned recommends that Petitioner's petition for habeas relief, (Doc. 1), be **DISMISSED** without prejudice to the re-filing. Additionally, Petitioner's "Amended Motion for 59(e)," (Doc. 14), should be **DENIED**.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases.[3] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II. The Petition and Supplements

Petitioner is currently housed at James Crabtree Correctional Center, where he is serving a sentence stemming from a conviction in Kingfisher County District Court, Case No. CF-2007-17. (Doc. 1, at 1). Petitioner contends he is being unlawfully incarcerated due to a "void arrest and subsequent prosecution" because there is a "lack of state authority against non-citizens." (*Id.*) So, he challenges "the State of Oklahoma's unlawful 'detention and prosecution' of 'non-citizen' making the arrest and subsequent proceedings void." (*Id.* at 2).

[3] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

In Ground One, Petitioner asserts a violation of the Civil Rights Act of 1866 because Indians were excluded as citizens under that law.[4] (*Id.* at 6-7). He asserts that members of Indian Nations or Tribes are "exempt from U.S. and it's states authority to prosecute or detain." (*Id.* at 7). In Ground Two, Petitioner asserts he "is under federal court ordered injunction of both 'Oklahoma State,' and it's subdivisions, in *Muscogee (Creek) Nation v. City of Henryetta* . . . ('to stop' detaining Indians in crimes occurring within Indian Country)."[5] (*Id.*) He asserts he is "exempt from [Oklahoma's] jurisdiction to prosecute." (*Id.*)

Petitioner filed three documents which the undersigned has determined are supplements to the Petition. (Docs. 9, 12, 13). On September 18, 2026, Petitioner filed a supplement asserting he is entitled to relief "because of the 'savings clause' of 28 U.S.C. § 2254(b)(i)(A)(B)(i). (Doc. 9, at 1). On October 1, 2026, Petitioner filed a second supplement in which he again asserts the lack of jurisdiction and the savings clause. (Doc. 12). On October 16, 2026, Petitioner filed a third supplement, in which he asserts the State

---

[4] 8 U.S.C. § 1401(b), however, provides that "a person born in the United States to a member of an Indian . . . tribe" is a "national[] and citizen[] of the United States at birth."

[5] The injunction in *Muscogee (Creek) Nation v. City of Henryetta* applies only to the City of Henryetta, Oklahoma, and its officers, agents, and employees – prohibiting them from enforcing municipal criminal prosecutions against any Indian. 836 F. Supp. 3d 1148, 1171 (E.D. Okla. 2026). Petitioner's sentence was entered by the state district court in Kingfisher County.

did not have jurisdiction to prosecute him and again invokes the savings clause.[6] (Doc. 13).

On October 23, 2026, Petitioner filed an "Amended Motion for 59(e)" in which he seeks "to compel the Court to reconsider the last order and grant my 28 U.S.C.A. § 2241(c)." (Doc. 14, at 1). In this motion, Petitioner attempts to invoke Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(4). (*Id.* at 2-5).

**III. Petitioner's Claims Are Not Properly Brought Under Section 2241, and the Petition Should Be Dismissed.**

Section 2241 petitions "are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citation omitted).

In this action, Petitioner seeks to challenge the validity of his conviction and sentence, as he takes issue with the State's legal ability to prosecute him. He does not challenge the execution of his sentence. Thus, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the

[6] Petitioner also seeks appointment of counsel in this supplement, but the undersigned has addressed Petitioner's separate motions seeking counsel, (Docs. 7, 11, 15), by separate order.

execution of his sentence, not the validity of his conviction and the original sentence."). Here, Petitioner challenges the validity of his conviction and sentence, as he asserts the State lacked jurisdiction to impose them. Indeed, Petitioner asserts his conviction and sentence are "contrary to" clearly established federal law as contemplated by 28 U.S.C. § 2254(d)(1). (Doc. 13, at 3).

In his supplements, Petitioner asserts he is entitled to relief under § 2241 because of the "savings clause" under 28 U.S.C. § 2254(b)(1)(A). (Doc. 9, at 2; Doc. 12, at 2-4). This provision requires that a habeas petitioner exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1)(A). Petitioner appears to argue that there is no corrective process because the State lacks authority to provide for collateral review, which would implicate an exception to exhaustion under 28 U.S.C. § 2254(b)(1)(B)(i). (Doc. 9, at 4). But this argument is related to § 2254's requirement that Petitioner exhaust his state court remedies and does not mean he can bring this action under § 2241. To the extent Petitioner relies on the savings clause under 28 U.S.C. § 2255(e), *see* (Doc. 13, at 2), that provision concerns challenges to federal convictions and sentences. *See* 28 U.S.C. § 2255(a) (allowing a motion by "a prisoner in custody under sentence of a court established by Act of Congress" – *i.e.*, a federal court).

While the Court can recharacterize a § 2241 habeas petition as one brought under § 2254 if certain procedures are followed, *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005), the undersigned does not recommend doing so. Congress has imposed strict limitations on § 2254 actions, including generally prohibiting second or successive petitions. 28 U.S.C. § 2244(b). Petitioner previously challenged his conviction in a § 2254

habeas action, which was dismissed "as time-barred under 28 U.S.C. § 2244(d)(1)." *Bouziden v. Addison*, 433 F. App'x 643 (10th Cir. 2011). A habeas petition dismissed "as time-barred [is] a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Because Petitioner provides no indication that he has received prior authorization from the Tenth Circuit to file a second or successive habeas petition, the Court would lack jurisdiction to consider his Petition if it were converted to one brought under § 2254. *See* 28 U.S.C. § 2244(b) (requiring a petitioner to obtain authorization for filing a second or successive § 2254 habeas petition); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization."). So, converting this petition to one brought under 28 U.S.C. § 2254 would be futile.

**IV. Petitioner's "Amended Motion for 59(e)" Should Be Denied.**

Petitioner's arguments in his motion that he is entitled to reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(4), (Doc. 14),[7] should be denied. Petitioner asks the Court to "reconsider the last order." (Doc. 14, at 1). However, the only orders entered in this matter are an order from Judge Goodwin referring this matter to the undersigned, (Doc. 3), and two orders to cure deficiencies, (Docs. 4, 6). Further, the rules cited by Petitioner are inapplicable. Fed. R. Civ. P. 59(e) provides that "a motion to alter or amend

[7] Petitioner also raises Fed. R. Civ. P. 60(b) in the second supplement. (Doc. 13, at 6-7).

a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 60(b)(4) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment is void." There is no judgment in this matter from which to seek relief.

## V. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. 1), be **DISMISSED** without prejudice to the re-filing.

**The Court advises Petitioner of his right to object to this Report and Recommendation by December 4, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 13th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE